**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDULLAH AL ZUBIRI,<br><br>                              Plaintiff,<br><br>v.<br><br>JOSEPH EDLOW, in his official capacity as Director, United States Citizenship and Immigration Service (USCIS),[1]<br><br>                              Defendant. | Case No.:  3:25-cv-02636-RBM-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. 8]** |

Plaintiff Abdullah Al Zubiri ("Plaintiff") is a citizen of Yemen who initiated this action to seek judicial intervention in the processing of his asylum claim pursuant to the Mandamus Act and the Administrative Procedure Act ("APA").  (*See generally* Doc. 1 ("Compl.").)  Pending before the Court is Defendant's Motion to Dismiss.  (Doc. 8.) Defendant seeks to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  (*See generally id.*)  Plaintiff filed an Opposition to Defendant's Motion to Dismiss ("Opposition") (Doc. 11), and Defendant filed a Reply in Support of Motion to Dismiss ("Reply") (Doc. 12).

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the above filings, and for the reasons below, the Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

---

[1]  Joseph Edlow is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

1

# I.    BACKGROUND

Individuals who fear persecution in their countries of origin can affirmatively seek asylum in the United States by submitting a Form I-589, Application for Asylum and Withholding of Removal, to United States Citizenship and Immigration Services ("USCIS").  8 C.F.R. § 208.2.  After receiving the application, USCIS should schedule an asylum interview:

> in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed; . . . in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.

8 U.S.C. § 1158(d)(5)(A)(ii)–(iii).  But nothing in this subsection "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  *Id.* § 1158(d)(7).

This case arises from the nearly four-year delay in USCIS's adjudication of Plaintiff's asylum petition.  (*See* Compl. ¶¶ 22, 24.)[2]  Plaintiff "came to the United States to escape life-threatening persecution and seek asylum," and he "lives in constant fear of being sent back to Yemen, where [he] may be killed or attacked due to [his] political beliefs."  (*Id.* ¶ 2.)  On May 23, 2022, Plaintiff filed his Form I-589 with USCIS.  (*Id.* ¶ 22.)  To this day, Defendant has not scheduled an asylum interview for Plaintiff.  (*Id.* ¶ 24.)  "[H]aving his claim for asylum unadjudicated makes it impossible for [Plaintiff] to make long-term future plans" and "prejudic[es] his ability to obtain asylum" because, as the years go on, it becomes harder to obtain evidence and for witnesses, including Plaintiff, to remember details.  (*Id.* ¶¶ 24–25.)

---

[2]  The factual summary here reflects Plaintiff's allegations, not conclusions of fact or law by this Court.  Well-pled factual allegations are accepted as true for purposes of the Motion to Dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3:25-cv-02636-RBM-SBC

In January 2018, USCIS adopted a "last-in-first-out" policy for scheduling asylum interviews. (*Id.* ¶ 20.)  The policy divides applications into three groups: "(1) those being rescheduled for interviews that were not previously cancelled . . . ; (2) new applications pending 21 days or less; and (3) those in the 'asylum backlog' who are waiting for interviews, starting with the most recently added applicant." (*Id.*)  USCIS adjudicates fewer cases each month than are filed, leading to a continuously growing asylum backlog. (*Id.* ¶ 27.)  Because Plaintiff's application falls within the asylum backlog category, USCIS's policy will result in Plaintiff's interview being indefinitely delayed. (*Id.*)

## II.    <u>LEGAL STANDARDS</u>

### A.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject matter jurisdiction. *See Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).  "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

### B.    Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "A motion to dismiss under [Rule] 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal citation omitted).  An action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

3:25-cv-02636-RBM-SBC

### III.    <u>DISCUSSION</u>

Plaintiff alleges that Defendant has unreasonably delayed adjudicating his asylum application and asks the Court to compel adjudication under (1) the Mandamus Act, 28 U.S.C. § 1361; (2) APA § 706(1); and (3) APA § 706(2). (Compl. ¶¶ 33–82.) Defendant argues that the action should be dismissed because the Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim. (Doc. 8 at 12–22.)

**A.    Rule 12(b)(1)**

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because § 1158(d)(7) provides no private right of action to enforce the time frames set forth in § 1158(d)(5). (Doc. 8 at 14–16.) Plaintiff argues that, although § 1158(d)(7) precludes applicants from suing to compel their applications to be *granted*, it does not preclude them from suing to compel their applications to be *processed*. (Doc. 11 at 3–5.) The Court agrees with Plaintiff.

The APA "imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action unlawfully withheld or unreasonably delayed,' *id.* § 706(1)." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003). "A court can compel agency action under this section only if there is a 'specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004)). Defendant has such a duty to adjudicate asylum applications. As another court in this District explained:

> While 8 U.S.C. § 1158(d)(7) provides there is no private right of action to enforce the time frames set forth in § 1158(d)(5)(A), district courts have found that the prohibition does not deprive the district court of subject matter jurisdiction. *See Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1175 (N.D. Cal. 2023) (collecting cases). This is because "unlike other subsections of the INA, § 1158(d)(7) does not expressly preclude judicial review." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019).

3:25-cv-02636-RBM-SBC

For example, § 1158(a)(3) states: "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)" and § 1158(b)(2)(D) provides: "There shall be no judicial review of a determination of the Attorney General under subparagraph (A)(v)." The Court agrees with other district courts finding that "[h]ad Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D)." *Varol*, 420 F. Supp. 3d at 1096. And even if there is doubt as to Congressional intent, it "would be dispelled by a familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010) ("We have consistently applied that interpretive guide to legislation regarding immigration, and particularly to questions concerning the preservation of federal-court jurisdiction.").

Thus, based on the foregoing, although 8 U.S.C. § 1158(d)(7) provides no right of action under the INA, it does not divest the Court of subject matter jurisdiction over Plaintiff's APA and mandamus claims.

*Elmustafa v. USCIS*, Case No.: 23-cv-2061-AJB-AHG, 2024 WL 3571728, at *2 (S.D. Cal. July 29, 2024). The Court thus **DENIES** the Motion to Dismiss under Rule 12(b)(1).

**B.  Rule 12(b)(6)**

### 1.  Mandamus Claim

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly described as to be free from doubt; and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). Defendant argues that Plaintiff fails to plausibly allege a mandamus claim because he cannot show that his claim is "clear and certain." (Doc. 8 at 22.) The Court agrees with Defendant.

Section 1158(d)(7) explicitly prohibits Plaintiff from enforcing the time limits for conducting an interview and issuing a decision on his asylum application. As such, "[c]ourts have found that 8 U.S.C. § 1158(d)(5)(A) cannot form the basis for mandamus relief because the relevant statute makes clear that the 45-day rule is not a right enforceable by the applicant." *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1176 (N.D. Cal. 2023) (internal

3:25-cv-02636-RBM-SBC

quotation marks omitted).  "Because Plaintiff is not afforded a private right of action against Defendant[ ], [he] has failed to state a claim for which relief can be granted." *Varol*, 420 F. Supp. 3d at 1099; *see also Pesantez v. Johnson*, No. 15 Civ. 1155(BMC), 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015) ("It is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action.").  Accordingly, the Court **GRANTS** the Motion to Dismiss under Rule 12(b)(6) as to Plaintiff's claim under the Mandamus Act.  Because no amendment could cure this defect, Plaintiff's mandamus claim is **DISMISSED with prejudice**.  *See Varol*, 420 F. Supp. 3d at 1100 (dismissing claims with prejudice because "amendment would be an exercise in futility").

### 2.   APA Claims

Defendant also argues that Plaintiff fails to plausibly allege an unreasonable delay claim under the APA.  (Doc. 8 at 17–22.)  "To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply the six-factor test articulated in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), commonly referred to as the '*TRAC*' test." *Tamjidi v. Blinken*, Case No. 8:24-cv-00403 HDV JDE, 2024 WL 4328813, at *5 (C.D. Cal. Aug. 27, 2024); *Vaz*, 33 F.4th at 1137 (applying *TRAC* factors).  The *TRAC* factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *Telecomms. Research & Action Ctr.*, 750 F.2d at 80).

3:25-cv-02636-RBM-SBC

"District courts in the Ninth Circuit are split" as to whether to consider *TRAC* factors on a motion to dismiss. *Aldurra v. United States Dep't of State*, Case No.: 25cv1322 DMS (DEB), 2026 WL 63471, at *3 (S.D. Cal. Jan. 8, 2026) (collecting cases). The Court finds persuasive the reasoning of those courts that have declined to consider the *TRAC* factors on a motion to dismiss, and likewise finds it premature to conduct the *TRAC* analysis here. "Specifically, the Court agrees an analysis of the *TRAC* factors involves factually intensive questions, which are generally inappropriate for resolution on a motion to dismiss." *Id.* (citing *Mobayen v. Blinken*, 780 F. Supp. 3d 969, 984 (C.D. Cal. 2025)). "An analysis of the *TRAC* factors would also require the Court 'to look beyond the face of [Plaintiff's] complaint,' . . . which is also generally inappropriate on a motion to dismiss." *Id.* (quoting *Gonzalez v. United States Dep't of Homeland Sec.*, 500 F. Supp. 3d 1115, 1130 (E.D. Cal. 2020)). For example, in support of its *TRAC* arguments, Defendant asks the Court to take judicial notice of the fact that "USCIS has begun scheduling affirmative asylum interviews along two tracks simultaneously," with the first track focusing on the "established LIFO order of priority" and the second track focusing on "affirmative asylum applications pending in the backlog, starting with the oldest applications and working forward." (Doc. 8 at 12 (citing USCIS website); *id.* at 6 n.3.) Although the Court may take judicial notice of records from government websites, the Court may not take judicial notice of disputed facts contained in such records. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). And Plaintiff disputes aspects of those facts in ways that can only be resolved with the benefit of a more developed record. (*See* Doc. 11 at 6–7, 9.)

"While an evaluation of discoverable facts may ultimately demonstrate no unreasonable delay in this case, the Court finds that such a determination is premature at this juncture." *Elmustafa*, 2024 WL 3571728, at *3. Accordingly, the Court **DENIES** the Motion to Dismiss under Rule 12(b)(6) as to Plaintiff's APA claims.

/ / /

/ / /

/ / /

3:25-cv-02636-RBM-SBC

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Dismiss (Doc. 6).  The Court **DENIES** the Motion to Dismiss under Rule 12(b)(1).  The Court **DENIES** the Motion to Dismiss under Rule 12(b)(6) as to Plaintiff's APA claims.  The Court **GRANTS** the Motion to Dismiss under Rule 12(b)(6) as to Plaintiff's Mandamus Act claim.  That claim is **DISMISSED with prejudice**.

Defendant **SHALL FILE** its Answer on or before **May 22, 2026**.

**IT IS SO ORDERED.**

Dated:  May 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-02636-RBM-SBC